IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALLAN PETTIT,

    Plaintiff,

v.                                            Civil Action No. 5:08CV136
                                                                  (STAMP)
BEC WOOD HILLS GOLF COURSE,
U.S. BATTERY MFG. AUGUSTA, INC.,
a corporation,
YAMAHA MOTOR CORPORATION, U.S.A.,
a corporation,
DOUGLAS BATTERY MANUFACTURING COMPANY,
a corporation and
LAKE ERIE GOLF CARS, INC.,
a corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

I.  Background

The above-styled civil action is before this Court as a result of a notice of removal filed by the defendant Yamaha Motor Corporation, U.S.A. ("Yamaha"),[1] in which the defendant asserts that federal jurisdiction is pursuant to 28 U.S.C. § 1332. The plaintiff commenced this civil action in the Circuit Court of Ohio County, West Virginia, asserting several claims against various defendants, including strict liability, negligence, breach of warranties, and gross negligence.[2] According to the complaint, the

---

[1] Defendants Bec Wood Hills Golf Course ("Bec Wood Hills"), Douglas Battery Manufacturing Company ("Douglas Battery"), and Lake Erie Golf Cars, Inc. ("Lake Erie") all consent to the removal of this civil action.

[2] The plaintiff does not assert every claim against each individual defendant.

plaintiff was using a golf cart at Bec Wood Hills Golf Course when the cart's battery "exploded," causing permanent injuries and damages to the plaintiff. Following removal of the action to this Court, the plaintiff filed a motion to remand to which the defendant Douglas Battery responded[3] and the plaintiff replied. For the reasons set forth below, the plaintiff's motion to remand is granted.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

---

[3]The defendants Bec Wood Hills and Yamaha both filed responses to the plaintiff's motion to remand, in which they each adopted and incorporated by reference Douglas Battery's response.

2

III. <u>Discussion</u>

In his motion to remand, the plaintiff asserts that this action must be remanded to state court because the defendants have failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interests and costs. This Court agrees.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. <u>Mulcahey</u>, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. <u>Mullins v. Harry's Mobile Homes, Inc.</u>, 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. <u>Id.</u>

In this case, the plaintiff does not set forth a total monetary sum requested. Rather, in his complaint, the plaintiff requests an award "that would adequately compensate Plaintiff," "plus whatever other relief the Court or Jury would deem just," "together will punitive damages." (Pl.'s Compl. 14.) The plaintiff has also filed a post-removal stipulation that the amount

in controversy does not exceed $75,000.00, exclusive of interests and costs. In response, the defendants argue that the amount in controversy is in excess of the jurisdictional minimum because the plaintiff claimed in his complaint that he sought damages in "an amount in excess of the jurisdictional limits, together with punitive damages against each of the defendants . . . ." (Pl.'s Compl. 14.) Furthermore, the defendants claim that the plaintiff's post-removal stipulation is not probative on this issue.

This Court agrees with the defendants that to be operative, a disclaimer must be "a formal, truly binding, <u>pre-removal</u> stipulation signed by counsel and his client explicitly limiting recovery." <u>McCoy v. Erie Ins. Co.</u>, 147 F. Supp. 2d 481, 485 (S.D. W. Va. 2001) (emphasis added). Therefore, this Court will not consider the plaintiff's post-removal stipulation in determining whether the requisite jurisdictional amount has been met. After careful consideration of the briefs filed in support of and in opposition to the plaintiff's motion to remand, however, this Court finds that the defendants have not met their burden of proof with regard to the amount in controversy. A defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal. <u>See</u> <u>Varela v. Wal-Mart Stores, East, Inc.</u>, 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000). The mere "threat" of punitive damages, without more, does not give rise to federal jurisdiction. <u>Landmark Corp. v. Apogee Coal Co.</u>, 945 F. Supp. 932 (S.D. W. Va. 1996).

Here, the defendants have offered no competent proof or tangible evidence that the amount in controversy exceeds $75,000.00. See Etchison v. Westfield Co., 2006 U.S. Dist. LEXIS 70574 (Sept. 26, 2006) (unpublished) (holding that federal diversity jurisdiction was proper based on evidence that the plaintiff was seeking pre-judgment interest, post-judgment interest, attorney's fees, costs on punitive damages, and made prior demands in the amount of $70,000.00 and $3 million). Considering all of the evidence, this Court finds that the defendants have not shown by a preponderance of the evidence that the plaintiff will recover damages in excess of the jurisdictional minimum. Therefore, the plaintiff's motion to remand must be granted. Nothing prevents, however, the defendants from filing a second notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable. 28 U.S.C. § 1446(b).[4]

## IV. Conclusion

For the reasons stated above, the plaintiff's motion to remand is hereby GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

---

[4]Of course, the case may not be removed on the basis of diversity more than one year after commencement of the action. 28 U.S.C. § 1446(b).

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 26, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE